IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS EARL BYRD, JR., <br> No. S-09454, <br><br> Plaintiff, <br><br> vs. <br><br> LOUIS SHICKER, <br><br> Defendant. | Case No. 13-cv-01092-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Thomas Earl Byrd, Jr., an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his medical care while housed at Pontiac Correctional Center and Pinckneyville Correctional Center between approximately May 2011 and the present.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Pursuant to 28 U.S.C. §§ 1391(b) and 1404, this case was transferred from the United States District Court for the Northern District of Illinois (Doc. 9). Lawrence Correctional Center and Pickneyville Correctional Center are both located within the Southern District of Illinois.

## The Complaint

According to the complaint and supporting documentation, in December 2010, while housed at Lawrence Correctional Center, Plaintiff's broken ankle was surgically repaired. In March 2011, Dr. Schierer (not a defendant) advised Plaintiff that removal of the surgical screws would be considered in May 2011. However, Plaintiff was transferred to Pontiac Correctional Center before that time. When the hardware was not removed from his ankle, Plaintiff wrote to Defendant Louis Shicker, Medical Director for the Illinois Department of Corrections ("IDOC"). After a year at Pontiac, Plaintiff was transferred to Pickneyville Correctional Center. Plaintiff's ankle has remained swollen and painful since he left Lawrence. It is alleged that Plaintiff has repeatedly been denied medical treatment—the removal of the screws—due to the cost-saving policies of Director Shicker. According to Plaintiff, Shicker has directed that Plaintiff be given therapy and pain medication, which is less expensive. The pain medication, however, has caused Plaintiff stomach irritation, causing him to have to take additional medication.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into a single count.

> **Count 1: Defendant Louis Shicker's cost-saving policies and directives amount to deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle* v. Gamble, 429 U.S. (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton

infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir.2010).  However, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7h Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

Blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Eighth Amendment.  *See Reed v. McBride,* 178 F.3d 849, 854 (7th Cir.1999).  Similarly, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference.  *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir.1999).  More specific to Director Shicker, allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement for purposes of Section 1983 liability.  *See Doyle v. Camelot Care Centers, Inc.,*305 F.3d 603, 615 (7th Cir.2002).  Consequently, Plaintiff has stated a colorable Eighth Amendment claim against Director Shicker.

## Disposition

**IT IS HEREBY ORDERED** that Count 1, an Eighth Amendment medical claim, shall proceed against Defendant **LOUIS SHICKER**.

The Clerk of Court shall prepare for Defendant **LOUIS SHICKER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Shicker cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 20, 2013**

                                       *s/ J. Phil Gilbert*
                                       **United States District Judge**