IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS EARL BYRD, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:13-1092-SMY-PMF |
| | ) |
| LOUIS SHICKER, | ) |
| | ) |
|    Defendant. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

    Before the Court is defendant Louis Shicker's motion for summary judgment (Doc. No. 30). Shicker seeks a ruling in his favor on an affirmative defense that plaintiff Thomas Earl Byrd failed to exhaust available administrative remedies prior to filing this action. The motion was filed on May 5, 2014, along with a notice advising plaintiff of his obligation to demonstrate the existence of a factual dispute by citing to particular parts of materials in the record (Doc. No. 32). Fed. R. Civ. P. 56(c)(1)(A). After two extensions of time, Byrd filed a short response on August 26, 2014. He maintains that proof that he exhausted available administrative remedies could be found in the materials on file (Doc. No. 48). Because plaintiff did not discuss relevant facts or point to supporting materials, the Court accepts the facts asserted by Shicker as undisputed. Fed. R. Civ. P. 56(c)(2); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)(distinguishing judges from truffle hunting pigs).

    Shicker is identified as the medical director for the IDOC. Plaintiff's claim rests on the allegation that Shicker implemented cost-saving policies that resulted in the repeated denial of his requests for a particular form of medical treatment – the removal of screws from his ankle (Doc. No. 1, 13).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address the inmate's concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. The defendant may not demand that an inmate take steps beyond those that the administrative rules require. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).[1] Similarly, inmates are not required to complete procedural steps that are effectively unavailable. *Id*.

The materials submitted by Shicker show that Byrd utilized the prison's administrative remedy process on several occasions seeking removal of the pins from his ankle, without asking prison administrators to consider the concern underlying this lawsuit: whether medical treatment was repeatedly denied because Shicker had implemented bad cost-saving policies or directives (Doc. No. 31). Because Byrd's administrative grievances focused attention on the conduct of other individuals, prison administrators did not receive a fair opportunity to evaluate Shicker's policies or decide whether one or more of those policies should be eliminated or modified. As to Byrd's claim against Shicker, administrative remedies were not exhausted.

---

[1] On this point, it is noted that the defense suggestion that Byrd was required to name Shicker in his administrative grievance is incorrect and based on a partial reading of the applicable regulation (Doc. No. 31, p. 7). IDOC inmates may file grievances regarding individuals whose names are not known.  20 Ill. Admin. Code 504.810(b).

IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 30) be GRANTED as follows. Plaintiff's claim against defendant Shicker (Count 1) should be dismissed without prejudice for Byrd's failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for a decision.

SUBMITTED:  **October 14, 2014**  .

    **s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**